TRESPASS.                      **Fergusons *vs* Terry.**

*Case 33.*                 ERROR TO THE MONTGOMERY CIRCUIT.

*Joint Trespasses.    Judgments.    Principal and agent.*

*December 8.*      JUDGE EWING delivered the Opinion of the Court.

Facts appearing.     THIS is an action of trespass, *quare clausum fregit*, brought by Terry against Wm. and Berthoud Ferguson, charging them with pulling down his fence and letting hogs into his corn field, whereby his corn was destroyed. A several verdict having been found against each of them, a judgment was rendered thereon accordingly, which has been brought to this Court by writ of error.

By the evidence in the record, it is apparent that the trespasses proven were several and distinct, and committed on several and distinct occasions by Smith and Berthoud Ferguson, severally and separately; and there is no pretext for making Wm. Ferguson responsible for the trespass of Berthoud, as it does not appear, as to him, that he was the son or in the employ of Wm. Ferguson, if such relationship and employment could render the latter responsible.

The statute of 1838–9, does not change the common law form of proceeding in trespass, nor authorize a joint action, for several trespasses.     The act of 1838–9, page 166, does not change the common law form of proceeding, or authorize a joint action to be brought for several trespasses, but only authorizes several verdicts to be found, and several judgments to be entered against each of several *joint* trespassers in a *joint* action. The Court, therefore, erred in not requiring the plaintiff to elect the trespass for which he would proceed, on the motion of the defendants.

Where, in a joint action several distinct trespasses are proved, the court, at the instance of def't. should compel plt'f. to elect for which he will proceed.

The instruction of the Court "that if Smith committed the trespass, whilst engaged in the ordinary business of Wm. Ferguson, the latter was responsible for such trespass," is also erroneous.

None are liable for trespasses committed by others, unless they give authority, command, or     If Wm. Ferguson was absent when the trespass was committed by his son, to render him responsible it was necessary to show that he gave authority or commanded the act to be done, or that he assented to it, or that the

act was committed *necessarily* in the discharge of the business in which the parent had employed the son, from which authority to do the act might be implied. The trespass may have been committed *whilst* the son was *engaged* in the business of the father, and yet have been committed without the knowledge, against the will, and contrary to the wishes of the father, and which he never afterwards sanctioned or even countenanced. For such an act the father cannot be made responsible in trespass.

The judgment of the Circuit Court is, therefore, reversed and the cause remanded, that a new trial may be granted, and the plaintiffs in error are entitled to their costs in this Court.

*Apperson* for plaintiffs.

assent to it, or it is done necessarily in discharge of business which an agent is employed to do.